# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:00CR90(2)

United States of America

v.

Isaac Remon Grant
                              Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed August 19, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  The Original Conviction and Sentence

Defendant was sentenced on July 19, 2002, before The Honorable Howell Cobb, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute 50 grams or more of crack cocaine, a Class D felony.  This offense carried a statutory maximum imprisonment term of 5 years.  The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of IV, was 151 to 188 months.  Defendant was subsequently sentenced to 151 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus the following special conditions: defendant shall not commit any offenses against a foreign state or nation; defendant shall participate in a program of testing and treatment for drug abuse; within the first year of supervised release, defendant shall obtain a GED; during the period of supervised release, the defendant shall be prohibited from associating or having any contact in any form with the co-defendant, John Alfred Bruton, III; and a $100 special assessment.

## II.  The Period of Supervision

Defendant's case was later reassigned to The Honorable Thad Heartfield, U.S. District Judge for the Eastern District of Texas, on March 13, 2006.  On November 6, 2006, defendant's sentence was reduced to 91 months imprisonment. On February 16, 2007, he was released from the Federal Bureau of Prisons to a state detainer.  On May 18, 2008, defendant completed his period of imprisonment and began service of the supervision term.

### III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on August 19, 2010. The petition alleges that defendant violated the following conditions of release:

| | | |
|---|---|---|
| 1. Mandatory Condition: | | Defendant shall refrain from any unlawful use of a controlled substance. |
| 2. Standard Condition: | | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. |
| 3. Standard Condition | | Defendant shall notify the probation officer at least ten days prior to any change in residence or employment. |
| 4. Special Condition: | | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. |

As grounds, the petition alleges that: 1. On July 6, 2010, the defendant submitted a urine screen at the U.S. Probation Office, which showed positive results for cocaine and marijuana in house, and positive results for marijuana from the toxicology lab; 2. On or about July 9, 2010, in Many, Louisiana, a police office observed defendant on the wrong side of the road, and his vehicle was out of gas. A warrant check was conducted, and he was arrested on outstanding bench warrants for unnecessary noise and no driver's license. Defendant made no attempt to notify this office of his arrest.; 3. On July 16, 2010, probation attempted to locate defendant at his residence and was informed that he had not been there in over a week and no longer lived there; 4. On July 1, 2010, defendant appeared at his substance abuse assessment almost two hours late and was unable to complete the assessment that day. His assessment was

rescheduled for July 13, 2010; however, he did not keep his appointment or call to reschedule. The treatment provider has not had any contact with him since July 1, 2010.

## IV. Proceedings

On January 31, 2011, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant agreed to plead "true" to the allegation that he violated a standard condition of supervised release by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. In exchange for defendant's plea of "true," the government agreed to decline to proceed with remaining alleged violations of supervised release conditions. Further, the parties agreed the court should revoke defendant's supervised release and impose 6 months imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pled "true" to the allegation that he violated a standard condition of supervised release by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in

such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.  Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4.  Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

Defendant pled "true" to the allegation that he violated a standard condition of supervised release by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release by failing to notify his probation officer after being arrested on July 9, 2010 for outstanding bench warrants.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). Defendant's violation is a Grade C violation, and defendant's criminal history category is IV. Policy guidelines suggest 6 to 12 months imprisonment upon revocation. Defendant has demonstrated an inability to adhere to conditions of supervision. Defendant did not comply with the conditions of his supervision by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. As such, incarceration appropriately addresses defendant's violation. The sentencing

objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a standard condition of supervised release, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 6 months.

4. Upon release of imprisonment, defendant should not be placed on supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __2__ day of February, 2011.

_/s/ Earl S. Hines_
Earl S. Hines
United States Magistrate Judge